IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Paul Robinson, #250720, | ) | C/A No.: 8:16-3663-BHH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Thomas D. Broadwater, Sr.; Lake Erick Summers; and Honorable Edward B. Cottingham, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

James Paul Robinson ("Plaintiff"), proceeding pro se and in forma pauperis, is an inmate incarcerated at Kirkland Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"). He filed this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by Attorney Thomas D. Broadwater, Sr. ("Broadwater"), Solicitor Lake Erick Summers ("Summers"), and Judge Edward B. Cottingham ("Cottingham") (collectively "Defendants").

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff alleges Broadwater, Summers, and Cottingham violated his Sixth Amendment right to a trial by an impartial and objective jury. [ECF No. 1 at 3]. Plaintiff

claims he had a jury trial in Saluda County, South Carolina in June 1998, and during his trial a juror revealed she was related to a witness for the state. *Id.* at 3–4. Plaintiff asserts the court failed to ask the juror specific questions about being biased or rendering a fair verdict. *Id.* at 3. Plaintiff argues the court deprived him of information "material to [his] intelligent use of peremptory challenges." *Id.* Plaintiff claims his counsel never objected to the juror. *Id.* Plaintiff argues the juror "should have been automatically dismissed for cause." *Id.* Plaintiff alleges he discovered this information on June 8, 2015, after an examination of trial transcripts. *Id.* Plaintiff contends the solicitor failed to strike the juror, the judge failed to specifically question her, and his attorney failed to object to her selection as a juror. *Id.* Plaintiff states he filed a Rule 60(b) motion on August 12, 2015, based on after-discovered evidence that is currently pending in state court. *Id.* at 4. Plaintiff seeks monetary damages and injunctive relief. *Id.* at 5.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31

(1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

Plaintiff seeks monetary damages and injunctive relief for an alleged unlawful conviction. [ECF No. 1]. Such a claim, however, is barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that in order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove

3

> that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486–87. In addressing a damages claim in a § 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008). The preclusive rule in *Heck* likewise bars declaratory and injunctive relief if a judgment in the plaintiff's favor would necessarily imply the invalidity of the conviction. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (*Heck* bars declaratory judgment action challenging validity of state criminal conviction); *Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002) (applying *Heck* to claims for injunctive relief), abrogated on other grounds by *Skinner v. Switzer*, 131 S. Ct. 1289, 1298–1300 (2011).[1]

Plaintiff fails to demonstrate or allege that he has successfully challenged his state conviction and/or sentence. Accordingly, any claims he may be attempting to pursue

---

[1] To the extent Plaintiff is also attempting to challenge his confinement, his claims are more properly brought in a petition for a writ of habeas corpus. Both § 1983 and habeas corpus relief provide remedies for claims of unconstitutional treatment at the hands of state officials, but release from prison is not a remedy available under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Habeas corpus is the exclusive federal remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *Id.*

4

based on his conviction or sentence are barred by *Heck.* The undersigned recommends Plaintiff's complaint be summarily dismissed.[2]

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the complaint without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

November 29, 2016                        Shiva V. Hodges
Columbia, South Carolina                 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[2] The undersigned notes that even if Plaintiff's claims were not barred by *Heck*, Summers and Cottingham are entitled to prosecutorial and judicial immunity, respectively. Further, Broadwater, whether a public defender or private attorney, is not considered a state actor pursuant to § 1983.

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).