IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| James Paul Robinson, #250720, | ) | Civil Action No.: 8:16-3663-BHH |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| vs. | ) | |
| | ) | |
| Thomas D. Broadwater, Sr.; Lake Erick Summers; and Honorable Edward B. Cottingham, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff James Paul Robinson("Plantiff"), proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff has brought suit against three individuals alleging they violated his constitutional rights, and is seeking monetary damages and injunctive relief. (ECF No. 1.) This matter is before the Court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 for the District of South Carolina.

On November 29, 2016, the Magistrate Judge issued a Report recommending that this case be dismissed without prejudice and without service of process. (ECF No. 9.) Plaintiff filed objections (ECF No. 11) to the Report on December 9, 2016.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court must make a de novo determination of those portions of the Report, or specified proposed findings or recommendations to which specific objection is made. 28 U.S.C. §

636(b)(1)(C). The Court may accept, reject, or modify, in whole or in part, the Report or may recommit the matter to the Magistrate Judge with instructions. *Id.* In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). De novo review is also "unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In reviewing these pleadings, the Court is mindful of the plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## **DISCUSSION**

Plaintiff filed objections (ECF No. 11) to the Report, which the Court has carefully reviewed. The objections fail to state a specific objection or direct the Court to any specific error in the Magistrate Judge's proposed findings and recommendations. Rather, Plaintiff's rambling objections seek to bolster, in unsupported fashion, the merit of Plaintiff's § 1983 claim and, apparently, add a slew of new legal theories/claims. The Report fairly and accurately summarizes the facts and applies the correct principles of law, and the Court agrees with the analysis of the Magistrate Judge. Plaintiff has not stated a cognizable §

1983 claim pursuant to the U.S. Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), because he is seeking to recover damages for allegedly unconstitutional conviction, imprisonment, or other harm whose unlawfullness would render his conviction or imprisonment invalid, without having first shown that his conviction or sentence has been invalidated. *Id.* at 486-87.

## CONCLUSION

For the reasons stated above and by the Magistrate Judge, the Court overrules Plaintiff's objections, and adopts and incorporates by reference the Magistrate Judge's Report. Accordingly, this action is DISMISSED without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

January 23, 2017
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.